Gregory L. BROWN, Plaintiff—Appellant,

v.

Roy A CASTRO; et al., Defendants—Appellees.

No. 04–17143.

D.C. No. CV–01–002210–PAN/FCD.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.\*

Decided Dec. 13, 2005.

Gregory L. Brown, Corcoran, CA, pro se.

Michael G. Lee, AGCA—Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before GOODWIN, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM\*\*

California state prisoner Gregory L. Brown appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical condition and needs. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision on qualified immunity de novo. *See Krug v. Lutz,* 329 F.3d 692, 695 (9th Cir.2003). We review the district court's determination that a prisoner failed to ex-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

haust administrative remedies de novo and review its findings of fact for clear error. *See Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003). We affirm.

The district court properly determined that the defendants involved in incidents alleged to have occurred on September 18, 2000, December 13, 2000 and November 1, 2001 were entitled to qualified immunity. Defendants presented evidence that, at the time of these incidents, Brown was not wearing a vest, and did not provide a medical history document (referred to as a "chrono"), either of which would have identified him as having a disability or mobility issues. Accordingly, defendants could have reasonably believed that their conduct in requiring Brown to get down during alarm sessions and punishing him for not following commands did not violate Brown's rights. *See Krug,* 329 F.3d at 699.

The district court also properly determined that Brown failed to exhaust available administrative remedies as to (1) Brown's claim regarding the December 22, 2000 incident, and (2) Brown's claims against defendants whose only involvement was deciding or overseeing his inmate appeals. We construe the district court's judgment as dismissing these claims without prejudice. *See Wyatt,* 315 F.3d at 1120.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.